IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRAIG ARMSTRONG (#B-69511), | ) | |
| Plaintiff, | ) | Case No: 13 C 5435 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| S. A. GODINEZ, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's complaint is summarily dismissed with prejudice for failure of Plaintiff to advise the court that he had "struck out." The case is terminated. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. Additionally, to the extent that Plaintiff seeks relief, because he is currently housed at Danville Correctional Center, located in Livingston County, Illinois, which is located in the Central District of Illinois, and based upon the claim alleged, Plaintiff should consider seeking habeas relief in the United States District Court for the Central District of Illinois, providing there are no legal reasons barring such relief.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint must be dismissed because Plaintiff has accumulated at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions have been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Armstrong v. Dalkin*, Case No. 02 C 9418 (N.D. Ill. January 6, 2003) (Conlon, J.), *Armstrong vs. Peterson, et al.*, Case No. 11 C 8350 (N.D. Ill. January 10, 2012) (Conlon, J.), and *Armstrong vs. Kachiroubas, et al.*, Case No. 11 C 9073 (N.D. Ill. February 10, 2012) (Lindberg, J.). In fact, the court previously advised Plaintiff that he had "struck out." *See* Order of January 23, 2013 in *Armstrong vs. 16th Judic Cir Ct., etc., et al.*, Case No. 13 C 0252 (N.D. Ill.) (Castillo, J.). Notwithstanding his knowledge that he is barred from doing so, Plaintiff has filed suit without disclosing his 1915(g) status to the court. Consequently, Plaintiff's effective "fraud" on the court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The complaint is accordingly dismissed with prejudice.

The Court also notes that Plaintiff is presently incarcerated at Danville Correctional Center, located in Livingston County, Illinois, and his complaint involves the fact or duration of his incarceration. Consequently, if Plaintiff seeks timely relief regarding this issue, and there is no other

legal reason barring him doing so, he should seek habeas relief pursuant to 28 U.S.C. § 2254 in the Central District of Illinois.  *See* 28 U.S.C. 93(b).

Date: August 9, 2013